UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| TONI BARRONTON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00215-LEW |
| | ) | |
| JEANNE M. LAMBREW, Ph.D., *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*
AND EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Toni Barronton alleges the Defendants have violated her constitutional rights by denying her custody of (or access to) her minor daughter. The matter is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) and Motion for Ex Parte Temporary Restraining Order (ECF No. 4). Plaintiff's Application is granted; her Motion is denied.

### BACKGROUND

Plaintiff Barronton's parental rights with respect to minor child, N.L., were modified pursuant to an Order of Parental Rights and Responsibilities issued in a custody dispute between Plaintiff and Patrick Lynn, the father of the N.L. In particular, the Maine District Court awarded Lynn "sole parental rights," subject to Barronton's "right of contact," which is limited to visitation "at times and places to be agreed by the father." Order of Parental Rights and Responsibilities (ECF No. 4-1).

As alleged by Barronton, the Maine Department of Health and Human Services recently instituted a child-custody investigation and/or proceeding against Mr. Lynn. In connection with its intervention, the Department has allowed N.L. to be placed in the custody of Nicole Norwood, a friend of Lynn, over Barronton's objection. Norwood has denied Barronton access to N.L., evidently at Lynn's direction, and the Department's personnel have denied Barronton's requests for custody of, or even supervised visitation with, N.L. Before the Department's involvement, Lynn afforded Barronton regular access to the child "on a rotating weekend basis." Compl. p. 9.

Barronton asserts in this civil action that the Department is depriving her of parental rights protected by the United States Constitution. She asserts her claim against the Commissioner of the Department, three members of the Commissioner's staff, the Maine Attorney General, an Assistant Attorney General, Mr. Lynn, and Ms. Norwood. Through her civil action, Barronton requests, exclusively, injunctive relief.

## DISCUSSION

Because she is proceeding *in forma pauperis*, Barronton's complaint is subject to a *sua sponte* screening process designed to ensure that the complaint states a claim for relief, 28 U.S.C. § 1915(e)(2)(B)(ii), "to spare prospective defendants the inconvenience and expense of answering" claims that are not actionable. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). In order to state a claim against a particular defendant, a plaintiff must allege facts that tend to show, when viewed in the light most favorable to the plaintiff, a plausible basis for finding the defendant liable for the conduct in question. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In this matter, Barrington seeks, exclusively, injunctive relief. Consequently, there is no cause for her to assert her claim against five different state-actor defendants. One defendant will do adequately, provided the defendant is the state actor with authority to order the injunctive relief requested in the complaint. *See*, *e.g.*, *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (noting that although prison warden was not subject to a claim in his personal capacity, he was the proper defendant in his official capacity given the prisoner's plea for injunctive relief); *Dodson v. Lindamood*, No. 1:18-CV-00058, 2019 WL 1315963, at *4 (M.D. Tenn. Mar. 22, 2019) (dismissing official capacity claims against lower-level department administrators as "redundant" given the claim against the department commissioner). Here, the appropriate defendant with the requisite authority is Commissioner Lambrew, in her official capacity. Accordingly, I hereby dismiss *sua sponte* the claim asserted against Department staff members Christy Davis (program administrator), Melissa Witcomb (supervisor), and Lynn King (social worker), as well as Aaron Frey, the Maine Attorney General, and Assistant A.G. Melody Havey. Although I do not, at this time, dismiss the claim against Commissioner Lambrew, this order is without prejudice to Dr. Lambrew's ability to file a motion to dismiss, if she identifies grounds.

The question remains whether Plaintiff has stated a claim for relief against Mr. Lynn, the father, or against his friend, Nicole Norwood, the custodian. Based on my reading of the complaint, Plaintiff asserts, exclusively, a due process claim against the Department's exercise of *parens patriae* authority over N.L. Given that Mr. Lynn has sole parental rights and the Department evidently stands behind the custody arrangement he directed, Norwood's present custody of the child appears to have been obtained lawfully.

Additionally, Barronton has not articulated a state law cause of action against Norwood and there is nothing in the complaint that would suggest Norwood would not follow a directive from this Court or the Department concerning child custody or access matters. Under the circumstances, I do not discern a plausible basis for subjecting Norwood to legal liability. Accordingly, the claim is dismissed as to Norwood, who will be spared the burden of answering, without prejudice to Barronton's right to seek leave to amend her complaint to state a claim against Norwood, if grounds exist.

As for Mr. Lynn, he is at a minimum an interested party entitled to service of the complaint, given his natural interest in the subject of the litigation. I will, at present, treat him as a defendant to an implied state law claim within the Court's ancillary jurisdiction under 28 U.S.C. § 1367. However, nothing in this order should be construed as adverse to Lynn's right to file a motion to dismiss, should he identify grounds for such a motion. I would note, in particular, that child custody matters are ordinarily the domain of the state courts. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("[T]he domestic relations exception … divests the federal courts of power to issue divorce, alimony, and child custody decrees.").[1]

Finally, there is the matter of Barronton's request for a temporary restraining order. Fed. R. Civ. P. 65(b). Such relief is never awarded as of right and is extraordinary in

---

[1] As alleged, the state court never terminated Barronton's parental rights, but merely made them subordinate to Lynn's rights. *See*, *e.g.*, *Schulz v. Doeppe*, 182 A.3d 1246, 1251 n.6 (Me. 2018) ("In contrast to a termination of parental rights order, the order at issue here is not permanent and can be amended upon his showing that there is a substantial change in circumstances and that he is ready to take responsibility for his own actions and become an appropriately involved parent. 19–A M.R.S. § 1653(10) (2017); 19–A M.R.S. § 1657 (2017). Because this option remains available to Doeppe, the judgment did not permanently deprive him of his right to have a relationship with his daughter."). According to Barronton, she has instituted a proceeding for modification of the underlying parental rights order in state court.

nature, particularly as it requests relief without giving the opposing party an opportunity to be heard. *Baber v. Dunlap*, 349 F. Supp. 3d 68, 74 (D. Me. 2018). I have, at present, no inherently reliable means of assessing the fitness of either parent. Nor am I persuaded on the current record that harm is likely to befall Barronton or the child if I allow time for service and a response from the Commissioner and Mr. Lynn. In short, even if I assume that Barronton's right to access her child is paramount upon removal of the child from Mr. Lynn's home, I am not persuaded that I should grant relief on an *ex parte* basis. *Benisek v. Lamone*, ––– U.S. ––––, 138 S. Ct. 1942, 1943–44, 201 L.Ed.2d 398 (2018) (per curiam) ("As a matter of equitable discretion, a preliminary injunction does not follow as a matter of course from a plaintiff's showing of a likelihood of success on the merits."). In the final analysis, "trial courts have wide discretion in making judgments regarding the appropriateness of such relief." *Francisco Sánchez v. Esso Standard Oil Co.*, 572 F.3d 1, 14 (1st Cir. 2009)). The request for Temporary Restraining Order is denied.

## CONCLUSION

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) is GRANTED. Plaintiff's Motion for Ex Parte Temporary Restraining Order (ECF No. 4) is DENIED. The claim(s) asserted in the complaint are dismissed, *sua sponte*, to the extent they are asserted against Defendants Davis, Witcomb, King, Frey, Havey, and Norwood. The seal will be lifted from the motion for ex parte relief, except for docket item 4-1, which contains unredacted personal identifiers.

**SO ORDERED.**

**Dated this 15th day of May, 2019.**

/S/ Lance E. Walker
**LANCE E. WALKER**
**UNITED STATES DISTRICT JUDGE**