UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| TONI BARRONTON, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | No. 1:19-cv-00215-LEW |
| JEANNE M. LAMBREW, Ph.D., *in her capacity as Commissioner, Maine Department of Health and Human Services*, | ) | |
| and | ) | |
| PATRICK LYNN, | ) | |
| Defendants | ) | |

# **DECISION AND ORDER ON MOTIONS TO DISMISS AND STRIKE;** <u>**ORDER DISMISSING CASE**</u>

Plaintiff Toni Barronton alleges the Defendants have violated her due process rights by denying her custody of (or access to) her minor daughter. The matter is before the Court on Defendant Jeanne M. Lambrew, Ph.D.'s Motions to Dismiss (ECF No. 9 & 23) and Plaintiff's Motion to Strike (ECF No. 17).

Plaintiff has conceded that the motion to strike is rendered moot by her motion to amend her complaint, which motion the Court granted. (Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Strike, ECF No. 29.) Accordingly, the motion to strike is dismissed as moot.

What remain are Defendant Lambrew's two motions to dismiss. The first of these was directed at Plaintiff's original complaint. Because Plaintiff has filed an amended

complaint that supersedes her original complaint, and because Defendant has filed a new motion to dismiss to address the amended complaint, the original motion to dismiss (ECF No. 9) is dismissed as moot. For reasons set forth below, Defendant's motion to dismiss the amended complaint is granted. Additionally, given the dismissal of the claim against Defendant Lambrew and the lack of a claim against Defendant Lynn within this Court's jurisdiction, this Decision and Order dismisses the entire action.

**BACKGROUND**

Plaintiff Barronton's parental rights with respect to minor child, N.L., were modified pursuant to an Order of Parental Rights and Responsibilities issued in a custody dispute between Barronton and Patrick Lynn, the father of the N.L. In particular, the Maine District Court awarded Lynn "sole parental rights," subject to Barronton's "right of contact," which is limited to visitation "at times and places to be agreed by the father." Order of Parental Rights and Responsibilities (ECF No. 4-1).

More recently, the Maine Department of Health and Human Services instituted a child-custody investigation and/or proceeding against Mr. Lynn. In connection with its intervention, the Department has allowed N.L. to be placed in the custody of Nicole Norwood, a friend of Lynn, over Barronton's objection. Norwood has denied Barronton access to N.L., evidently at Lynn's direction, and the Department's personnel have denied Barronton's requests for custody of, or even supervised visitation with, N.L. Before the Department's involvement, Lynn afforded Barronton unsupervised access to the child "on a rotating weekend basis." Am. Compl. ¶ 19.

The Department has treated Barronton's demand for custody as unauthorized

because the Maine District Court previously awarded Lynn "sole" parental rights and responsibilities. Barronton now asserts a due process claim against Commissioner Lambrew and Mr. Lynn. Barronton requests an order that prohibits the Department and Defendant Lynn "from interfering with her fundamental liberty interest to parent her child free of governmental interference" and places the child in Barronton's custody "pending all further litigation." *Id.* ¶ 27. She also requests a "permanent injunction." *Id.*, p.12.

Barronton, wisely, has also filed a proceeding in state court in which she seeks to modify the court order that awarded Lynn sole parental rights and responsibilities. Although the state court afforded Barronton due process in the prior custody dispute in which Lynn obtained sole rights and responsibilities over N.L., Barronton "was not completely stable at the time, and so she defaulted and was not present at the final hearing." *Id.* ¶ 18.

## DISCUSSION

Commissioner Lambrew argues the amended complaint must be dismissed because (1) federal courts do not have jurisdiction to issue child custody decrees; (2) even if jurisdiction does exists, the Court should abstain based on *Younger v. Harris*, 401 U.S. 37 (1971), given the pendency of state court proceedings to modify the underlying custody award, and (3) Barronton fails to state a claim in any event because Lynn has sole parental rights and responsibilities at this time. Defendant Jeanne M. Lambrew's Motion to Dismiss (ECF No. 23). Ms. Barronton has not filed a response in opposition to the motion. Regardless, the Commissioner is correct and her motion will be granted for all the alternative reasons outlined in her memorandum.

Concerning matters of child custody, which this civil action undoubtedly is, "the domestic relations exception … divests the federal courts of power to issue … child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).[1] I am persuaded that the domestic relations exception to federal jurisdiction applies and that this Court, therefore, does not have jurisdiction to award the relief Plaintiff requests. Even if I am wrong, Plaintiff exclusively requests injunctive relief on custody matters. The state court is better equipped to address both interim and final relief on custody matters and, out of respect for the state court and based on the *Younger* abstention doctrine, I would not award the relief Barronton requests even if jurisdiction does lie in this Court. Indeed, given that Barronton's parental rights were subordinated to Lynn's in a state court proceeding that afforded Barronton due process of law, and given that Barronton's and Lynn's respective parental rights and responsibilities over N.L. cannot be modified in the absence of further proceedings currently underway in state court,[2] I frankly fail to see how Barronton states a claim for denial of due process, the only legal claim she has presented to this Court. It is little wonder, if not also disappointing, that given the popular modern view that mere disagreement with the *outcome* of due process is an offense against the founding covenant that Barronton might make this misguided argument. Clearly, the State has afforded and

---

[1] As alleged, the state court never terminated Barronton's parental rights, but merely made them subordinate to Lynn's rights. *See*, *e.g.*, *Schulz v. Doeppe*, 182 A.3d 1246, 1251 n.6 (Me. 2018) ("In contrast to a termination of parental rights order, the order at issue here is not permanent and can be amended upon his showing that there is a substantial change in circumstances and that he is ready to take responsibility for his own actions and become an appropriately involved parent. 19–A M.R.S. § 1653(10) (2017); 19–A M.R.S. § 1657 (2017).").

[2] Mr. Lynn has sole parental rights and responsibilities over N.L., unless and until the state court orders otherwise, and in that regard Lynn, no less than Barronton, has the right to due process of law.

*(continued next page)*

continues to afford Barronton access to procedural due process based on her natural parental relationship to N.L.[3] The claim against the Commissioner will, therefore, be dismissed.

Finally, the dismissal of the Commissioner leaves Mr. Lynn as the sole remaining defendant. In a prior screening order, I observed that, so long as the matter remained pending against the Commissioner, Lynn should remain a party to the proceeding given his status as the parent with sole rights and responsibilities over N.L. (I liberally characterized the complaint as stating "an implied state law claim within the Court's ancillary jurisdiction under 28 U.S.C. § 1367."). In her amended complaint, Barronton has not identified any federal claim against Lynn. Nor has she attempted to identify any state law cause of action. With the dismissal of the claim against Commissioner Lambrew, there is no longer any basis to forestall the dismissal of Lynn for want of jurisdiction and/or failure to state a claim.

## CONCLUSION

Defendant's (First) Motion to Dismiss (ECF No. 9) and Plaintiff's Motion to Strike (ECF No. 17) are DISMISSED AS MOOT. Defendant Lambrew's Motion to Dismiss the Amended Complaint (ECF No. 23) is GRANTED. The amended complaint against Jeanne Lambrew, Ph.D., and Partick Lynn is DISMISSED for lack of jurisdiction and, in the alternative, for failure to state a claim.

**SO ORDERED.**

---

[3] It should also be noted that Barronton failed to file a response in opposition to the motion to dismiss her amended complaint. That omission also militates in favor of the Commissioner's motion, as a party who fails to oppose a motion by filing an objection that incorporates a memorandum of law "shall be deemed to have waived objection." See D. Me. Loc. R. 7(b).

**Dated this 9th day of July, 2019.**

>	/s/ Lance E. Walker
>	**LANCE E. WALKER**
>	**UNITED STATES DISTRICT JUDGE**